## CAPEHART v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
March 30, 1928.

No. 7666.

Criminal law ⚖➡1130(4)—Writ of error to review conviction will be dismissed, where briefs are not filed in time by plaintiff in error (Rule 24).

Writ of error to review conviction for possessing liquor will be dismissed under rule 24, where no briefs had been filed by plaintiff in error nor served on defendant in error on day case was set for argument.

26 F.(2d)—6

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Lillie Capehart was convicted of possessing liquor within the limits of what formerly was the Indian Territory, and she brings error. Writ of error dismissed.

D. E. Ashmore, of Earlsboro, Okl., for plaintiff in error.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl.

Before STONE, Circuit Judge, and REEVES and OTIS, District Judges.

OTIS, District Judge. Plaintiff in error on February 5, 1926, was charged in an indictment with the unlawful possession of intoxicating liquor in a place within the limits of what formerly was the Indian Territory. She was tried on that charge October 13, 1926, and, having been found guilty, on October 14, 1926, was sentenced to eight months' imprisonment and a fine of $100. Writ of error was allowed October 23, 1926. A transcript of the record was certified by the clerk of the District Court December 2, 1926. The case was set for argument before this court May 16, 1927, at Kansas City, Mo.

No briefs having been filed by the plaintiff in error or having been served on defendant in error, defendant in error on May 16, 1927, presented its motion to dismiss the writ of error; a copy of the motion and notice that it would be presented having theretofore been duly served on plaintiff in error. The motion prayed dismissal for failure to file and serve briefs as required by rule 24. To this motion plaintiff in error filed a response, setting up therein no sufficient excuse for her failure to comply with the rule, but asking a continuance, and suggesting that, if a continuance were granted, a brief would be filed, and that in that brief she would urge that the trial court erred in that part of his charge in which he commented on the evidence in the case.

We have examined carefully the record and have considered the assignment of errors, and especially the complaint urged in the response to the motion to dismiss. There is no error in the record. The case might well be affirmed, and so disposed of. But the better disposition is to sustain the motion to dismiss the writ of error. Even if there had been error, that would still be the better disposition. None can complain of a strict and impartial enforcement of just rules governing the review of cases, and, on the other

hand, none can justify such a relaxation of a rule as makes it dead letter.

The motion is sustained, and the writ of error dismissed.